UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| Midwest Operating Engineers Welfare Fund; Midwest Operating Engineers Pension Trust Fund; Operating Engineers Local 150 Apprenticeship Fund; Local 150 IUOE Vacation Savings Plan; Midwest Operating Engineers Retirement Enhancement Fund; and Construction Industry Research and Service Trust Fund, <br><br> Plaintiffs, <br> v. <br><br> Robert Neises Construction Corp., <br><br> Defendant. | Civil Action <br><br> No. 18-CV-7209 |

## COMPLAINT

Plaintiffs Midwest Operating Engineers Welfare Fund; Midwest Operating Engineers Pension Trust Fund; Operating Engineers Local 150 Apprenticeship Fund; Local 150 IUOE Vacation Savings Plan; Midwest Operating Engineers Retirement Enhancement Fund ("MOE Funds"); and Construction Industry Research and Service Trust Fund ("CRF"), hereby file suit against Defendant, Robert Neises Construction Corp. ("Neises" or "the Company") to compel an audit.

### COUNT I – MOE FUNDS' SUIT FOR AN AUDIT

1. This Court has jurisdiction over this action pursuant to Employee Retirement Income Security Act of 1974, as amended ("ERISA"), 29 U.S.C. §§ 1132, 1145; and pursuant to § 301 of the Labor Management Relations Act ("LMRA") 29 U.S.C. § 185; and 28 U.S.C. § 1331.

2. Venue is proper in this Court pursuant to Section 502(e)(2) of ERISA because the MOE Funds are located and administered in Cook County, Illinois.

3. International Union of Operating Engineers, Local 150, AFL-CIO ("the Union"), is an employee organization under ERISA, 29 U.S.C. § 1002(4); and a labor organization under the LMRA, 29 U.S.C. § 152(5).

4. Defendant Neises is an "Employer" within the meaning of ERISA, 29 U.S.C. § 1002(5) and an "Employer" within the meaning of the LMRA, 29 U.S.C. § 152(2). It is a corporation engaged in the landscaping industry with its principal office in Crown Point, Indiana.

5. Neises identified Robert Neises as President (Exhibit A).

6. On June 1, 2014, the Company through Robert Neises signed a Memorandum of Agreement with the Union (attached as Exhibit B) that adopted the terms of a collective bargaining agreement ("CBA") known as the Northern Indiana Independent Contractors Group (excerpts attached as Exhibit C).

7. The CBA and the Agreements and Declarations of Trust incorporated therein require Neises to make fringe benefit contributions to the MOE Funds. The MOE Funds are "employee welfare benefit plans" and/or "plans" within the meaning of ERISA, 29 U.S.C. § 1002(3).

8. The CBA and Trust Agreements additionally require Neises to:

(a) Submit a monthly report stating the names and number of hours worked by every person on whose behalf contributions are required and accompany these reports with payment of contributions based on an hourly rate identified in the CBA;

(b) Compensate the Funds for the additional administrative costs and burdens imposed by its delinquency through payment of liquidated damages in the amount of ten percent of untimely contributions, or twenty percent of such contributions should the Funds be required to file suit;

(c) Pay interest to compensate the Funds for the loss of investment income;

(d) Make its payroll books and records available to the Funds for the purpose of an audit to verify the accuracy of past reporting, and pay any and all costs incurred by the Funds in the audit where it is determined that the Company was delinquent in the reporting or submission of contributions;

(e) Pay the Funds' reasonable attorneys' fees and costs incurred in the prosecution of any action to require Neises to submit its payroll books and records for auditing or the recovery of delinquent contributions;

(f) Furnish to the Funds a bond in an amount acceptable to the Funds.

9. Neises is delinquent and has breached its obligations to the Funds and its obligations under the Plans by its refusal to complete an audit as requested by the Funds.

10. The Funds have demanded that Neises perform its obligations stated above, but the Company has failed and refused to so perform (attached as Exhibit D).

WHEREFORE, the Funds respectfully request that:

A. An account be taken as to all employees of Robert Neises Construction Corp. covered by the collective bargaining agreement as to wages received and hours worked by such employees to determine amounts required to be paid to the Funds, covering the period January 1, 2017 to December 31, 2017;

B. Neises be ordered to pay any amounts determined to be due pursuant to such audit;

C. Neises be ordered to submit all delinquent monthly contribution reports to the Funds stating the information required to be stated thereon, and to continue submitting such reports while this action is pending;

D. Judgment be entered in favor of the Funds and against Neises for all costs of auditing the Company's records, and the Funds' reasonable attorneys' fees and court costs necessarily incurred in this action as specified herein, or as subsequently determined all as provided for in the Plans and in ERISA;

E. Neises be permanently enjoined to perform specifically its obligations to the Funds, and in particular, to continue submitting the required reports and contributions due thereon to the Funds in a timely fashion as required by the Plans and by ERISA; and,

F. The Funds receive such further relief as may be deemed just and equitable by the Court, all at the Company's cost.

## COUNT II – CRF SUIT FOR AUDIT

1-6. CRF re-alleges and incorporates herein by reference paragraphs 1 through 6 of Count I as paragraphs 1 through 6 and as if fully stated herein.

7. The CBA and the Agreements and Declarations of Trust incorporated therein require Neises to make fringe benefit contributions to CRF.

8. CRF is a labor management cooperative committee as that term is defined under Section 302(c)(9) of the LMRA, 29 U.S.C. § 186 (c)(9).

9. The CBA places similar obligations on Neises with respect to CRF as it does the Funds. The Company is delinquent and has breached its obligations to the CRF by failing and refusing to complete an audit as requested.

10. CRF has demanded that Neises perform its obligations stated above, but the Company has failed and refused to so perform. (See Exhibit D).

WHEREFORE, CRF respectfully requests that:

A. An account be taken as to all employees of Robert Neises Construction Corp. covered by the collective bargaining agreement as to wages received and hours worked by such employees to determine amounts required to be paid to CRF, covering the period January 1, 2017 to December 31, 2017;

B. Neices be ordered to pay any amounts determined to be due pursuant to such audit;

C. Neises be ordered to submit all delinquent monthly contribution reports to the CRF stating the information required to be stated thereon, and to continue submitting such reports while this action is pending;

D. Judgment be entered in favor of CRF and against Neises for all costs of auditing the Company's records, and CRF's reasonable attorneys' fees and court costs necessarily incurred in this action as specified herein, or as subsequently determined all as provided for in the Plans and in ERISA;

E. Neises be permanently enjoined to perform specifically its obligations to the CRF, and in particular, to continue submitting the required reports and contributions due thereon to CRF in a timely fashion as required by the plans and by ERISA; and,

F. CRF receive such further relief as may be deemed just and equitable by the Court, all at the Company's cost.

Dated: October 29, 2018                               Respectfully submitted,

                                                      By:   s/ Charles R. Kiser
                                                            One of the Attorneys for the Plaintiffs

Attorneys for the Funds and CRF

Dale D. Pierson (*dpierson@local150.org*)
Charles R. Kiser *(ckiser@local150.org)*
Institute for Worker Welfare, P.C.
6141 Joliet Road
Countryside, IL 60525
Ph: (708) 579-6613
Fx: (708) 588-1647

4